# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUMPKIN WILLIAMS, | CASE NO. 1:06-cv-01569-AWI-YNP PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| GARZA, et al., | |
| Defendants. | (Doc. 19) |
| | RESPONSE DUE WITHIN 30 DAYS |

Plaintiff Lumpkin Williams ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and was incarcerated at Pleasant Valley State Prison at the time the events in his complaint took place. Plaintiff is suing under section 1983 for the violation of his rights. Plaintiff does not specify what rights are at issue but they appear to arise from the Eighth Amendment. Plaintiff names Garza, Lantz, Mendoza, Myers, Huckabay, Chapman, R. H. Trimble, J. M. Mattingly, Beels, Detrance, Scott, Collier, Foreman, Brown, Dutra, Ward, and Cantu as defendants. For the reasons set forth below, Plaintiff is ordered either to notify the Court of his willingness to proceed only on the claims found to be cognizable by the Court, or to file an amended complaint curing the deficiencies in his non-cognizable claims.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
3  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
4  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
5  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
6  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

7  In determining whether a complaint fails to state a claim, the Court uses the same pleading
8  standard used under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must
9  contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.
10 R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual
11 allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me
12 accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v.
13 Twombly, 550 U.S. 544, 555 (2007)).  "[A] complaint must contain sufficient factual matter,
14 accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550
15 U.S. at 570).  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's
16 liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Id.
17 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual
18 allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.
19 Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory
20 statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

21 **II.    Background**

22      **A.    Procedural Background**

23 Plaintiff filed the Original Complaint in this action on November 6, 2006.  (Doc. #1.)  The
24 Court screened and dismissed Plaintiff's complaint on April 21, 2008.  (Doc. #10.)  Plaintiff was
25 given leave to file an amended complaint.  Plaintiff filed his First Amended Complaint on June 24,
26 2008.  (Doc. #13.)  The Court screened and dismissed Plaintiff's First Amended Complaint on May
27 20, 2009.  (Doc. #14.)  Plaintiff was again given leave to file an amended complaint.  Plaintiff filed
28 ///

his Second Amended Complaint on August 18, 2009.  (Doc. #19.)  This action proceeds on Plaintiff's Second Amended Complaint.

### B.     Factual Background

Plaintiff alleges that correctional officers attacked him after he complained that he was not getting along with his cellmate and needed to move to a different cell.  On October 29, 2005, Plaintiff packed all his property up and carried it to the dayroom.  Plaintiff told correctional officer ("C/O") Mendoza that they could either move Plaintiff to another cell, or lock him in the hole.  Plaintiff told Mendoza that he feared for his safety and would not go back to his cell.  Mendoza told Plaintiff that it was almost count time and that Plaintiff should lock himself in the shower.  Mendoza then called Sergeant Lantz and Huckabay to inform them about the situation.  C/O Garza also came down from the control tower to handle the situation.

An hour later, Garza, Mendoza, Lantz, Huckabay, Cantu and Dutra approached Plaintiff in the shower and told him to go back to his cell.  Plaintiff again asserted that he was not safe in his cell and that it was his right to choose a compatible roommate.  Plaintiff was ordered to cuff up and Plaintiff refused.  Plaintiff was thrown to the ground and dragged across the building.  The group had difficulty forcing Plaintiff back into his cell, so Lantz told the group to "Take his black ass down." (Compl. 5:8-11.)  The officers slammed Plaintiff into the floor, kicked him, twisted his cuffed arms towards his head and grinded Plaintiff's face into the floor.  Plaintiff was then marched toward the building exit.  As the group was about to pass through the rotunda, Garza shoved Plaintiff's face into a steel grill gate, then slammed Plaintiff's face into a concrete wall.  Once outside, Plaintiff was forced to his knees and his face was again slammed into a grill gate.  Garza and Mendoza then lifted Plaintiff's cuffed arms up so that Plaintiff was bent over and Plaintiff was forced to walk with his pants and underwear around his ankles.  The group escorted Plaintiff to the infirmary while Garza and Mendoza took turns "bouncing on [Plaintiff's] back." (Compl. 6:7-10.)

After an hour in the infirmary, Huckabay and Lieutenant Foreman arrived.  Foreman told Plaintiff that if he did not make a complaint against the staff, Plaintiff could go into any cell that he wanted.  Otherwise, Plaintiff would be sent to the hole.  Plaintiff agreed to the cell move.

///

Three days later, Plaintiff asked Lieutenant Myers, "what the procedure was for someone who did what I did." (Compl. 6:24-27.) It is unclear what Plaintiff means by "someone who did what I did." Presumably, Plaintiff was asking what the standard protocol was for a Plaintiff requesting a cell change for safety reasons. Myers told Plaintiff, "We move them, but if they do it that way again, they would be locked in the hole." (Compl. 6:28-7:3.) Plaintiff then showed Myers his many bruises and said, "Well, this is how your staff decided to do it with you gone." (Compl. 7:3-6.) Myers called the sergeant and told him to take a videotape of Plaintiff's testimony and his injuries. Plaintiff complains that Foreman then told Plaintiff he would be next on the doctor's line, but lied. Myers had medical staff look at Plaintiff and document his injuries. Plaintiff claims that medical staff altered the documents, signed by MTA Chapman, detailing his injuries. MTA Chapman also refused to treat Plaintiff when Plaintiff begged him to take his cuffs off.

Plaintiff was then told that he would be placed in the hole because he was accusing staff of an assault. The lock-up order stated that Plaintiff was a threat to the safety and security of the institution. A week later, Plaintiff was brought before the classification committee, consisting of captain Beels, warden J. M. Mattingly, and warden R. H. Trimble. Plaintiff complains that the committee conspired to sweep the vicious assault under the rug. The committee determined that no wrongdoing took place by the correctional officers. Plaintiff filed numerous complaints but lieutenant Brown, sergeant Collier, lieutenant Scott, and sergeant Detrance accused Plaintiff of lying and refused to accept his complaint forms, instead telling Plaintiff to drop his complaints in the box.

### III.  Discussion

Plaintiff's complaint is largely a narrative describing an incident where Plaintiff was beaten by correctional officers for refusing to go back to his cell. Plaintiff's complaint is devoid of references to any legal theories, statutes, or specific constitutional rights. The Court will liberally construe Plaintiff's complaint as stating claims under the Eighth Amendment. However, Plaintiff is advised that for any other claims he wishes to bring, Plaintiff may not simply provide in his complaint a narrative of bad things that happened to him. It is neither the Court's nor Defendants' duty to read Plaintiff's story and guess what his legal claims and causes of action are. It is Plaintiff's

///

responsibility to clearly describe for each individual defendant what that defendant did and how that defendant's actions violated Plaintiff's rights or otherwise provides for the basis of a legal claim.

### A. Eighth Amendment Claims

Plaintiff complains that Defendants used excessive force when they attacked Plaintiff and refused to provide medical treatment for his injuries. Plaintiff's right to be free from cruel and unusual physical abuse is protected under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

#### 1. Use of Excessive Force

Plaintiff claims that Defendants brutally attacked him, causing serious injury. Where prison officials are accused of using excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320-321 (1986)). Factors relevant to the analysis are the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted.

1   Whitley, 475 U.S. at 321.  Other factors to be considered are the extent of the threat to the safety of
2   staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known
3   to them, and any efforts made to temper the severity of a forceful response.  Id.  The infliction of
4   pain in the course of a prison security measure "does not amount to cruel and unusual punishment
5   simply because it may appear in retrospect that the degree of force authorized or applied was
6   unreasonable, and hence unnecessary."  Id. at 319.  Prison administrators "should be accorded wide-
7   ranging deference in the adoption and execution of policies and practices that in their judgment are
8   needed to preserve internal order and discipline and to maintain institutional security."  Id. at 321-
9   322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

10   Plaintiff alleges that he refused to go back to his cell because he feared for his safety and
11   correctional officers responded by brutally attacking him.  The extent of the force allegedly used was
12   clearly excessive.  Plaintiff states a cognizable claim for use of excessive force against Defendants
13   that attacked him.  Plaintiff states a cognizable claim against Defendants Garza, Mendoza, Lantz,
14   Huckabay, Cantu and Dutra for violation of the Eighth Amendment.

### 2. Denial of Medical Care

16   Plaintiff claims that Defendant Chapman denied Plaintiff's requests for medical treatment.
17   "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under §
18   1983."  Estelle v. Gamble, 429 U.S. 97, 105 (1976).  "A 'serious' medical need exists if the failure
19   to treat a prisoner's condition could result in further significant injury or the 'unnecessary and
20   wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on
21   other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (quoting Estelle, 429
22   U.S. at 104).  Delay of medical treatment can amount to deliberate indifference.  See Jett v. Penner,
23   439 F.3d 1091, 1096 (9th Cir. 2006); Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); Hallett
24   v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000)
25   (en banc); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); McGuckin, 974 F.2d at 1059;
26   Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988).

27   Plaintiff only makes a brief reference to a denied request for medical treatment by Defendant
28   Chapman.  Plaintiff's minimal allegations are not sufficient to demonstrate that Chapman acted with

deliberate indifference. Plaintiff does not describe what treatment he needed, how serious his need for medical treatment was, what risk of further injury he faced because of the denied treatment, or whether Chapman was aware of that risk of further injury. Plaintiff fails to state a claim for denial of medical treatment.

### B. Other Claims

#### 1. Failure to Report

Plaintiff complains that Defendants covered up the incident by altering medical documents, sweeping Plaintiff's assault allegations under the rug, and finding that the correctional officers involved in the attack did not commit any wrongdoing. Actions taken to cover up the excessive use of force do not cause or contribute to the use of force because by that time, the alleged Eighth Amendment violation had already occurred. Therefore, Defendants who participated in covering up the attack are not liable for violating the Eighth Amendment.

#### 2. Inmate Complaint System

Plaintiff complains about the inefficacy of the inmate complaint system. Inmates have no liberty interest in the processing of an inmate appeal because inmates lack a separate constitutional entitlement to a specific prison grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Plaintiff has offered no legal theory as to why the failure to read or process his inmate grievances rises to the level of a constitutional violation. Thus, Plaintiff fails to state any claims against Defendants for failing to process his inmate grievances.

### IV. Conclusion and Order

Plaintiff's complaint states cognizable claims against Defendants Garza, Mendoza, Lantz, Huckabay, Cantu and Dutra for use of excessive force in violation of the Eighth Amendment. Plaintiff's complaint fails to state claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff six (6) summonses and six (6) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true.

Although Plaintiff's factual allegations will be accepted as true and that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth,

///

114 F.3d at 1474.  In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Garza, Mendoza, Lantz, Huckabay, Cantu and Dutra for use of excessive force in violation of the Eighth Amendment; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **September 21, 2009**                    /s/ **Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE