# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUMPKIN WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>GARZA, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:06-cv-01569-AWI-SKO PC<br><br>ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE DISMISSED FROM THIS ACTION<br><br>RESPONSE DUE WITHIN 30 DAYS<br><br>and<br><br>ORDER TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION TO DEFENDANTS' MOTION TO DISMISS<br><br>RESPONSE DUE WITHIN 30 DAYS |

    Plaintiff Lumpkin Williams ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**A.**     <u>**Unserved Defendants**</u>

    This action is proceeding on the second amended complaint filed on August 18, 2009. (Doc. #28.) On September 22, 2009, the Court screened Plaintiff's second amended complaint and found that it stated cognizable claims against Defendants Cantu, Dutra, Garza, Lantz, Mendoza, and Huckabay for the use of excessive force in violation of Plaintiff's Eighth Amendment rights. (Doc. #34.) On February 23, 2010, the Court ordered the U.S. Marshal to serve Defendants Cantu, Dutra, Garza, Lantz, Mendoza, and Huckabay pursuant to Federal Rule of Civil Procedure 4(c) using the contact information provided by Plaintiff.

1

On April 16, 2010, two summonses were returned unexecuted indicating that Defendants Cantu and Garza could not be served because the U.S. Marshal could not locate them using the contact information provided by Plaintiff. The Court has not received any indication that Defendants Mendoza or Lantz have been located and served.

Pursuant to Federal Rule of Civil Procedure 4(m), the Court must dismiss Plaintiff's claims against Defendants without prejudice if service is not effected within a specified time. "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

Where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Id. at 1421-22. The information provided by Plaintiff was insufficient to allow the U.S. Marshal to locate and serve Defendants Cantu, Garza, Mendoza and Lantz. There is no indication that the failure to effect service was due to the U.S. Marshal's failure to perform his or her duties. The Court will order Plaintiff to show cause why these defendants should not be dismissed based on Plaintiff's failure to provide the U.S. Marshal with sufficient contact information to locate them and effect service of process.[1] **Plaintiff is forewarned that the failure to show cause may result in Defendants Cantu, Garza, Mendoza, and Lantz being dismissed from this action.**

### B. Unopposed Motion to Dismiss

On May 7, 2010, Defendants Dutra and Huckabay filed a motion to dismiss on the grounds that Plaintiff failed to exhaust his administrative remedies prior to filing suit. Plaintiff has not filed an opposition or statement of no opposition to the motion to dismiss.

---

[1] Should Plaintiff have updated information on the whereabouts of Defendants Cantu, Garza, Mendoza and Lantz, he should provide it to the Court at this time.

1  Pursuant to the applicable Local Rule, "[f]ailure of the responding party to file an opposition
2  or to file a statement of no opposition may be deemed waiver of any opposition to the granting of
3  the motion and may result in the imposition of sanctions." Local Rule 230(l). The Court will order
4  Plaintiff to file an opposition or statement of no opposition to the motion to dismiss. **Plaintiff is**
5  **forewarned that the failure to file an opposition or statement of no opposition may result in**
6  **Plaintiff's claims being dismissed.**
7  Accordingly, it is HEREBY ORDERED that:
8  1. Plaintiff shall SHOW CAUSE within THIRTY (30) days of the date of service of this
9  order why Defendants Cantu, Garza, Mendoza and Lantz should not be dismissed
10  from this action for lack of service; and
11  2. Plaintiff shall file an opposition or statement of no opposition to the May 7, 2010
12  motion to dismiss within THIRTY (30) days of the date of service of this order.

IT IS SO ORDERED.

**Dated:   September 21, 2010**          /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE